IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN F. HOLMES
101 Clark Rd.
St. Clairsville, OH 43950

    Plaintiff,

vs.                          Case No. 2:23-cv-03846

ASCENT RESOURCES, UTICA, LLC
Capitol Corporate Services, Inc.
4568 Mayfield Rd., Ste. 204
Cleveland, OH 44121

    Defendant.

## COMPLAINT

NOW COMES John F. Holmes (hereinafter referred to as "Plaintiff"), who for his Complaint against the Defendant, Ascent Resources, Utica, LLC (hereinafter referred to as "Ascent") state as follows:

1. The Plaintiff is a resident of Colerain Township, Belmont County, Ohio.

2. For a short time, Plaintiff relocated to Florida though he continued to own a mineral interest in Ohio. He has since returned to Ohio and resides full time in Ohio: his primary residence is in Ohio, he is registered to vote in Ohio, and his driver's license is issued by the state of Ohio. Plaintiff no longer owns real estate in Florida.

3. Upon information and belief, Ascent is and has been at all times material and relevant herein, a for profit corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, OK. Ascent is licensed to do business in the State of Ohio.

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court as the Plaintiff, the real estate, and minerals at issue are located in Belmont County, Ohio.

6. The Plaintiff's parents Freeman Holmes Jr. and Dorothy J. Holmes executed an oil and gas lease agreement on or about July 2, 2008 with Mason Dixon Energy, Inc. ("Mason Dixon") in relation to 319.39 mineral acres in Colerain, Pease Township, Belmont County, Ohio.  The lease is attached as **Exhibit 1**.

7. Freeman Holmes Jr. and Dorothy J. Holmes have since passed away.  John F. Holmes is the sole heir and rightful owner of the mineral interest at issue here.

8. The subject leased mineral properties are identified as Parcel No. 61-01063.001 consisting of 120.70 acres; Parcel No. 61-00436.000 consisting of 53.64 acres; Parcel No. 02-01049.000 consisting of 20.00 acres; Parcel No. 61-00492.000 consisting of 17.36 acres; Parcel No. 61-00436.003 consisting of 5.00 acres; Parcel No. 61-00494.000 consisting of 2.88 acres; Parcel No. 61-00493.000 consisting of 1.75 acres; Parcel No. 61-00495.000 consisting of 0.330 acres; Parcel No. 00491.000 consisting of 0.25 acres; Parcel No. 64-00200.00 consisting of 74.03 acres; Parcel No. 64-00037.000 consisting of 19.63 acres; Parcel No. 64-00110.000 consisting of 3.49 acres; and Parcel No. 64-00111.00 consisting of 0.33 acres.

9. Ascent acquired the lease referenced in paragraph 4, and thereafter created oil and gas production unit(s) which include the property covered by the Holmes lease.

10. Ascent has operated oil and gas production units including the Holmes lease and have marketed and sold oil and gas related products related to the Holmes lease at least from 2019 and continuing presently.

11. Ascent has deducted improper post-production costs from the royalty share payable to the Plaintiff in violation of the Plaintiff's lease.

12. The Holmes lease includes the following language at paragraph "5" of the agreement:

> The royalties reserved by Lessor, and which shall be paid by Lessee, are: […] (b) on gas, including coalbed methane gas, gob gas, casinghead gas and all other gaseous or vaporous products, the market value at the wells of one-eighth (1/8) of the gas so sold or used, such market value at the wells in no event to exceed the net proceeds received by Lessee calculated or allocated back to the wells from which produced, making allowance and deduction for a fair and reasonable charge for gathering, compressing, and making merchantable such gas provided, that on gas sold at the wells, the royalty shall be one-eighth (1/8) of the net proceeds received by Lessee from such sale, after such allowance and deduction […]

13. The Holmes lease does not provide for or permit the deduction of post-production costs of transportation from the Holmes royalty share.

14. The Holmes lease permits Lessee only for the "allowance and deduction for a fair and reasonable charge for gathering, compressing, and making merchantable such gas."

15. The following summarizes, in relevant part, the revenue and transportation deductions taken from the subject premises:

| Income Year | Owner Gross Revenue | Transportation Deductions |
|---|---|---|
| 2019 | $ 114,966.20 | $ 34,235.82 |
| 2019 | $ 127,128.32 | $ 37,573.47 |
| 2020 | $ 38,428.58 | $ 17,071.27 |
| 2020 | $ 62,253.29 | $ 27,725.63 |
| 2021 | $ 86,437.44 | $ 24,160.46 |
| 2021 | $ 102,237.36 | $ 29,180.89 |
| 2022 | $ 43,232.40 | $ 6,570.00 |
| 2022 | $ 62,384.94 | $ 16,425.64 |
| 2023 | $ 31,246.17 | $ 8,388.31 |
| 2023 | $ 73,816.57 | $ 19,785.43 |
|  | $ 742,131.27 | $ 221,116.92 |

16. Transportation deductions alone have been nearly 30% of the Owner Gross Revenue over time. Deductions this large are not reasonable and far above standard amounts charged by other operators.

17. The Defendant has not only deducted post-production costs that are not authorized by the Lease, it has also exceeded what can be deemed "fair and reasonable charge[s]" for post-production costs.

18. Plaintiff has complied with the notice requirement set forth in paragraph 10 of the subject lease.

## COUNT I
## BREACH OF CONTRACT- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

19. The Plaintiff re-alleges and incorporates by reference the previous paragraphs of this complaint as if specifically set out herein.

20. The deduction of unauthorized post-production costs from the Plaintiff's royalty share by the Defendant is improper and illegal.

21. The Defendant has breached the oil and gas lease agreement at issue in this case by deducting post-production costs from the Plaintiff's royalty share when the oil and gas lease agreement does not provide for the deduction of such alleged costs.

22. Likewise, the deduction of excessive and unreasonable post production costs generally failed to meet and follow the terms of the lease and the implied duty of good faith and fair dealing.

23. The Plaintiff has been damaged by the Defendant's actions by not receiving the full amount of royalty proceeds that they are entitled to under the lease agreement that they executed.

24. Implied in the subject oil and gas lease agreement(s) was a covenant requiring the lessee to act in good faith and fairly towards the oil and gas lessor.

25. The actions of the Defendant in deducting post-production costs from the lessor royalty share when the oil and gas lease agreement precluded the deduction of such costs demonstrates a breach of the implied covenant of good faith and fair dealing the Defendant owed to the Plaintiff.

## COUNT II
## UNJUST ENRICHMENT

26. The Plaintiff re-alleges and incorporates by reference the previous paragraphs of this complaint as if specifically set out herein.

27. The Defendant received a benefit from the Plaintiff by subtracting post-production costs which were not permitted to be deducted from the lessor's royalty share.

28. The Defendant recognized and had actual knowledge that it was receiving a benefit when it improperly deducted post-production costs from the royalty share of the oil and gas lessors.

29. The aforementioned benefits were received and retained by the Defendant under such circumstances that it would be inequitable and unconscionable to permit the Defendant to avoid payment for post-production costs that were being illegally taken from the Plaintiff's royalty payments.

## COUNT III
## CONVERSION

30. The Plaintiff re-alleges and incorporates by reference the previous paragraphs of this complaint as if specifically set out herein.

31. The Plaintiff owned mineral rights and had the right to receive full payment for their royalty interest.

32. The Defendant wrongfully and intentionally kept and withheld payments, benefits and property rights rightfully due and owing the Plaintiff through the retention and deduction of post-production costs from the royalty share payable to the Plaintiff.

33. The Plaintiff has been damaged through the Defendant's conversion in that they have not received monies that were due and owing to them and have been prevented from using said monies for their own personal purposes including but not limited to the investment of those monies.

34. The Defendant's intentional and willful acts of conversion of the Plaintiff's property were done with actual malice and/or such a conscious disregard for the rights of other persons that they a great probability of causing substantial harm. The Defendant's actions were based in a conscious wrongdoing that was deliberate and/or intentional.

35. Punitive damages are appropriate to punish and deter the Defendant's conduct and to prevent future similar conduct by other individuals and/or entities.

## RELIEF SOUGHT

1. The Plaintiff seeks the return, with interest, of any and all amounts which have been deducted from their royalty share for any alleged transportation cost, as well as the unreasonable and excessive portion of any post production costs deducted by Defendant.

2. The Plaintiff seeks their necessary and reasonable attorney fees and costs occasioned by the Defendant's breach of their contractual obligations to pay the Plaintiff his royalty appropriate and reasonable share.

3. The Plaintiff seeks their necessary and reasonable attorney fees and costs as permissible under Ohio law related to awards of punitive damages.

4. The Plaintiff has experienced annoyance, inconvenience, and mental and emotional anguish as a result of the deliberate and intentional acts of the Defendant in deducting post-production costs and Defendant's improper attempts to avoid complying with the lease agreement.

5. The Plaintiff is entitled to recover punitive damages from the Defendant in order to punish it and to deter it and other individuals and/or entities from engaging in similar conduct in the future

6. The Plaintiff seeks a declaration that the Defendant is not permitted to deduct transportation costs from the lessor's royalty share under the lease language at issue in this case.

WHEREFORE, the Plaintiff respectfully prays that judgment be entered against the Defendant, Ascent Resources, Utica, LLC, for compensatory damages in an amount in excess of $75,000.00, for punitive damages in an amount in excess of $75,000.00, for prejudgment and post-judgment interest, attorneys' fees and costs expended in this action, for declaratory relief that the Defendant and/or any future assignee of the Defendant are not permitted to deduct post-production costs from the royalty share of lessees with the applicable lease language and any other specific and/or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

By: /s/ *Jason E. Causey*
JASON E. CAUSEY #0081933
BORDAS & BORDAS, PLLC
106 East Main Street
Saint Clairsville, OH  43950
(304) 242-8410
jbordasIII@bordaslaw.com
jcausey@bordaslaw.com
*Counsel for John F. Holmes, Plaintiff*